LEWIS *vs.* SCHENCK and SMITH.*

1. A material alteration of a note by the payee, without fraudulent intent, though it avoids the note, does not deprive him of his right to recover the original debt.

2. In such case, the action for the recovery of the debt should be brought at law. But the alteration being made under misapprehension, and the discovery prayed by the bill being in some decree necessary to show the agreement and the mistake, jurisdiction of this case sustained.

*Mr. Linn,* for complainant.

*Mr. J. V. Voorhees,* for defendants.

THE CHANCELLOR.

On the seventh day of February, 1863, Henry A. Herder, sheriff of Somerset, sold a farm of the defendant, Schenck, by virtue of several executions in his hands ; one of these was in favor of the complainant, Lewis, and there was due on it $551.64, besides costs. Before the sale, Schenck represented to Vanderbeck, the agent of Lewis, who was not present, but at his home, in Ohio, that the defendant, Smith, would buy in the farm for him, and requested Vanderbeck to give him eight months' time to pay Lewis' claim, for which he and Smith would be responsible. Vanderbeck agreed to this, and Schenck and Smith agreed with Vanderbeck that they would pay Lewis his claim in eight months, and give their note, payable at bank, for the amount. The property was sold by the sheriff to Smith for $11,051, being the full amount of the claims in the sheriff's hands, including all costs and expenses. After the sale, on the same day, Schenck and Smith made their joint and several note to Lewis for $551.64, payable to him or bearer at eight months from date, and gave it to Vanderbeck, who thereupon gave the sheriff a receipt for the execution debt of Lewis. The sheriff afterwards delivered the deed to Smith, without any

---

* CITED *in* Hunt v. *Gray,* 6 *Vr.* 234.

further payment of the judgment of Lewis; this note, or rather Vanderbeck's receipt, being taken by him as payment of that claim. Vanderbeck, on the day of the sale, after Schenck and Smith had left, had some conversation with the sheriff about the note, and the fact that it did not include interest for the eight months, which both supposed it ought to have included. He supposed that such was the understanding, and that the omission was a mistake which he had a right to correct, and he altered the note in the presence of the sheriff, by adding the words " with interest from date." Lewis did not know of the alteration until after the note became due. When it became due, Schenck and Smith refused to pay it on account of the alteration. They both testify, that the agreement or understanding was not to pay interest, but only to pay the money at the end of eight months; and they refused to pay any part of the note, contending that the alteration of the note made it void, and that the complainant had no remedy against them.

The complainant relinquished his suit at law against them, and filed his bill in this court to compel the payment of the amount due on his execution, which the defendants had promised to pay.

The complainant gave a receipt to the sheriff, and authorized him to deliver the deed without further payment of his claim, upon the promise of the defendants, and their note given as evidence of it, to pay the claim in eight months. It was a bargain made by them with him, and not with the sheriff; it was a bargain made upon a good and valid consideration. The mere verbal promise was good ; it was to pay a debt of their own, not that of another, and not within the statute of frauds. The note was given to secure the money they had so promised to pay. The consideration was, that the sheriff conveyed to Smith, for the use of Schenck, the interest which Lewis had in this farm by the lien of his judgment.

The alteration of the note by Vanderbeck was of a material part, and not authorized by the makers, either directly,

or by implication from the fact that it was intended to be given with interest. The proof shows that it was not so intended. But Vanderbeck, thinking that such was the intention, supposed he had power to correct it, and made the alteration for that purpose. He made the alteration without any fraudulent intent, but under a mistake of the facts.

In such case, although the alteration avoids the note, yet it leaves the original debt unpaid. 2 *Pars. on Notes* 571–2; *Clute* v. *Small*, 17 *Wend.* 238.

A note of the party himself is not payment of his debt. Here the defendants owed the complainant this money upon their undertaking to pay it, and it was not paid by the giving of the note. Had the complainant willfully or fraudulently destroyed the note, he could not have recovered the debt for which it was given; but if destroyed by the mistake of himself or agent, it would not defeat him in recovering his original debt.

The only doubt in the case arises upon the jurisdiction of this court. The complainant might have recovered his debt at law, upon the view taken of the matter. But the act of Vanderbeck, which avoided the instrument, was done under misapprehension; and courts of equity have jurisdiction in all cases of mistake, and the discovery prayed by the bill was in some degree necessary to show the agreement and the mistake, and therefore the jurisdiction of this court may be sustained.

I am of opinion that the complainant is entitled to the relief sought, and that the defendants should be compelled to pay him the sum of $551.64, with interest from October tenth, 1863, the time when they agreed to pay that sum to him.